# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
UNITED STATES OF AMERICA,      |
                               |
     v.                        |    CR 216-024
                               |
ANGELA POPE,                   |
                               |
     Defendant.                |
```

### ORDER

Before the Court is Defendant Angela Pope's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Dkt. No. 546. For the reasons below, Pope's motion is **DENIED**.

### BACKGROUND

On November 14, 2016, under a written plea agreement, Pope pleaded guilty to the lesser-included charge under Count One of the indictment, that is, conspiracy to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. Dkt. No. 147. The presentence investigation report calculated Pope's total offense level to be 29, her criminal history to be I, and her advisory guidelines range to be eighty-seven to 108 months' imprisonment. On May 2, 2017, the Court departed downward and sentenced Pope to sixty-five months' imprisonment. Dkt. No. 392. Pope did not file a direct

appeal. According to the Bureau of Prisons' website, Pope is currently incarcerated at Greenville FCI in Greenville, Illinois with a projected release date of July 14, 2021.

Pope now moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Pope's motion is primarily based on the COVID-19 pandemic and her assertions of particular vulnerability due to her underlying health conditions. As the Government notes, Pope has not averred that she has exhausted her administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A). Though Pope states that she submitted a compassionate release request to the BOP and that the BOP failed to respond, Pope provides no evidence supporting this allegation or that the thirty-day deadline for the BOP to respond has expired. Furthermore, the Government disputes Pope's assertion that she submitted such a request, stating that it consulted with BOP officials on April 21, 2020, at which time BOP officials stated they had not received a reduction-in-sentence (RIS) request from Pope. Dkt. No. 547 at 11.

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Pope has failed to exhaust her administrative remedies, the Court concludes that it does not have jurisdiction

2

to decide Pope's request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record ... indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

Accordingly, Pope's motion, dkt. no. 546, is **DISMISSED**.

**SO ORDERED,** this 23rd day of April, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA